FILED - USDC -NH
2021 AUG 4 PM 1:50

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Ilya Liviz Sr.
    Plaintiff,

v.

ROBERT L. RYAN, in his official capacity as
Clerk Magistrate of Dedham District Court
for the Commonwealth of Massachusetts
    Defendant.

---

**VERIFIED COMPLAINT FOR DEPRIVATION OF PROCEDURAL DUE PROCESS**

---

I hereby swear: Ilya Liviz Sr.'s parental rights to I. L. Jr. were permanently terminated, and the minor child was permanently awarded to a foster parent. Ilya Liviz Sr.'s appeal is a single of question of law; his right to appeal was denied and his appealed question of law not answered.

## I. INTRODUCTION

1.  Ilya Liviz Sr. had a judge trial in juvenile court; after judgment issued against him, he timely filed his notice of appeal. In violation of State Court's own rules, The Clerk failed to assemble the record, didn't send appropriate notice to the Appeals court, and didn't send out notices of deficiencies to Ilya Liviz Sr. The Clerk to this day refuses to assemble the record; injury is ongoing, and all state remedies have been exhausted.

## II. JURISDICTION AND VENUE

2.  This action arises under the Constitution and the laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1332(a)(1).

## III. PARTIES

3.  Plaintiff Ilya Liviz Sr. "Liviz" is an adult over the age of eighteen, a citizen of the United States and a resident of the State of New Hampshire.

4.  Defendant Robert L. Ryan "Robert or Clerk" is an adult over the age of eighteen and is the Clerk Magistrate of Dedham District Court for the Commonwealth of Massachusetts that overseas Norfolk County Juvenile Court.

## IV. FACTUAL ALLEGATIONS

5. In April 2018, Liviz had a judgment issued against him by Norfolk County Dedham Juvenile Court, Stoughton Session, that permanently terminated his parental rights and permanently awarded his son to a foster parent.

6. Liviz timely filed his Notice of Appeal. With his Notice of Appeal, Liviz concurrently filed Motion for Waiver of Appellate Rules in Juvenile Court and Appeals Court.

7. Liviz's entire appeal rests on a single unanswered question of law. The Appeals Court refuses to act on it.

8. Upon receiving the Notice of Appeal, pursuant to Massachusetts Rules of Appellate Procedure 4(a), the district clerk must assemble the record and put the Appeals Court on Notice of impending appeal so a proper docket can be generated in the Appeals Court.

9. Because the Clerk failed to put the Appeals Court on notice, the Appeals Court never generated an Appeals Court docket and refused to process Liviz's Appeal.

10. Liviz did not receive any notice of deficiency, nor instructions on how to proceed.

11. During this time, the matter was pending in Supreme Court of United States; cert. denied.

12. Sometime in 2019, Liviz called the Dedham District Court, and asked to speak to Robert L. Ryan. The phone call was transferred directly to his phone-line.

13. Liviz put Robert on notice that there is a failure by the lower court to assemble the record and put him on notice his Appeal will not being processed.

14. Robert asked Liviz if he called him directly or the phone-call was transferred.

15. Liviz stated the phone call was transferred.

16. Robert responded he would not assemble the record because I took too long and hung up the phone.

17. On July 01, 2019, Liviz petitions the SJC Single Justice to help rectify the deficiency; no help is given.

18. On September 31, 2019, Liviz appealed SJC Single Justice's ruling to the SJC Full Court.

19. On March 6, 2020, the full court stated; "[t]he petitioner failed to create a record demonstrating his allegations, i.e., he did not "provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [his] allegations.

20. Liviz has no way of providing these documents because the Clerk refused, and continues to refuse to provide them.

21. On January 15th, 2021, Liviz files pursuant to M. G.L. c. 211 § 3 petition to the SJC Single Justice to assemble the lower court record.

22. On March 6th, 2020, a newly appointed SJC Single Justice again justified inability to do anything based on lack of lower court record.

23. Liviz has appealed this matter to the full court; however, there is lack of quorum, and the court has determined that without the lower court record, they can't answer Liviz's single question of law.

24. Liviz to this day, is unable to appeal the judgment rendered in Juvenile Court.

## CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHT TO PROCEDURAL DUE PROCESS
(42 U.S.C. § 1983)

25. Plaintiff hereby incorporates all other paragraphs of the complaint as if fully set forth herein.

26. By the Clerk's action, as part of a custom, policy and/or practice, and inaction, as described herein, Defendant subjected and continue to subject Plaintiff to the deprivation of the rights, privileges, or immunities secured by the Constitution and law. Defendant has a right to have the lower court record assembled, be put on notice of any deficiency that may prevent assembly of the record and have the lower court judgment appealed.

27. The practice described above include, but are not limited to, Defendant failing to put the Appeals Courts on notice to generate an Appeals Court docket and failure to send out appropriate notices to Liviz regarding assembly of record deficiencies and give notice of appropriate steps that need to be taken to effectuate the appeal.

28. The Defendant knew or should have known that Plaintiff's single of question of law will not be addressed on appeal if appropriate administrative steps are not taken in lower court.

29. The Defendant knew or reasonably should have known that Plaintiff's access to justice will be delayed if the administrative steps are not taken in accordance with the Court Rules.

30. The Defendant knowingly prevented assembly of the lower court record administratively with full knowledge Plaintiff's simple question of law will not be addressed in Appeals Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against the Defendant, and award him all relief allowed by law, including but not limited to the following:

(a) Hold preliminary injunction to enjoin the Clerk to comply with his duties;
(b) Issue Short Order Notice of Hearing;
(c) Order assembly of lower court record;
(d) Appropriate relief at law and equity;
(e) Declaratory relief and other appropriate equitable relief;
(f) Economic losses allowed by law;
(g) Compensatory, consequential and future damages, including damages for emotions distress, humiliation, loss of enjoyment of life, and other pain and suffering allowed by law in an amount to be determined at trial;
(h) Punitive damages on all claims allowed by law and in an amount to be determined at trial;
(i) Expert and witness fees, on all claims allowed by law;
(j) Pre- and post-judgment interest at the highest lawful rate;
(k) Any further relief that this court deems just and proper, and any other relief as allowed by law.

*Right to Amend Reserved*

The aforementioned is true and correct to the best of my knowledge and recollection. Signed under pains and penalties of perjury on this 4th day of August 2021.

_____
Ilya Liviz J.D., M.Ed., B.S.

## JURY DEMAND

Plaintiff seeks a trial by a jury on all issues so triable.

Respectfully submitted this 4rd day of August 2021.

_____
Ilya Liviz J.D., M.Ed., B.S.
153B West Hollis Street
Nashua, NH 03060
1 (725) 224-4653
Ilya.liviz@gmail.com